**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DANIEL CASTILLO, | No. 11-73005 |
| Petitioner, | Agency No. A077-992-454 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

Juan Daniel Castillo petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reconsider its decision reversing the

Immigration Judge's ("IJ") grant of a waiver of inadmissibility and remanding to

the IJ for entry of a removal order.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We must first determine whether we have jurisdiction to consider the petition. Our jurisdiction is limited to review of a "final order of removal," even where a constitutional claim or question of law is raised. 8 U.S.C. §§ 1252(a)(1), (b)(9); *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009).

In *Abdisalan v. Holder*, an en banc panel of this Court recently sought "to clarify the issue of finality of the [BIA's] decisions" when the BIA remands to the IJ for further proceedings. 774 F.3d 517, 520 (9th Cir. 2014) (en banc) (as amended). We concluded that "[w]hen the BIA remands to the IJ for any reason, no final order of removal exists until all administrative proceedings have concluded." *Id.* at 526.

Here, the BIA remanded to the IJ for entry of an order of removal. According to submissions from both parties, on remand the IJ entered an order of removal, petitioner appealed, and his case currently remains pending before the

BIA. Because "all administrative proceedings" have not concluded, "no final order of removal exists." *Id.* We lack jurisdiction.[1]

The petition for review is **DISMISSED WITHOUT PREJUDICE**.

---

[1] If relief is not granted in the ongoing administrative proceedings, a final order of removal will exist once the proceedings have concluded. Within 30 days of the conclusion of administrative proceedings, petitioner may re-file his petition for review. *See* 8 U.S.C. § 1252(b)(1). The final order will include "all matters on which the validity of the final order is contingent, rather than only those determinations actually made" in the last agency decision. *I.N.S. v. Chadha*, 462 U.S. 919, 938 (1983) (internal quotation marks omitted). Thus, the final order will include the BIA's denial of petitioner's motion to reconsider and the underlying decision. *See Go v. Holder*, 640 F.3d 1047, 1051–52 (9th Cir. 2011) (applying *Chadha*).